# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 3:09-mc-00272-VLB |
| | ) | |
| WAYNE BURSEY, as OFFICER/ | ) | |
| DIRECTOR of NOVA BENEFIT PLANS LLC, | ) | |
| | ) | |
| Respondent. | ) | May 3, 2010 |

## UNITED STATES' REPLY IN SUPPORT OF PETITION TO ENFORCE IRS ADMINISTRATIVE SUMMONS

The Government seeks enforcement of an Internal Revenue Service summons for a civil investigation into whether Respondent promotes tax schemes. Respondent filed an initial response to the Government's petition on April 19, 2010, (Doc. # 12) and a supplemental response on April 27, 2010. (Doc. # 18). Respondent asks this Court to heighten the summons enforcement standard and require the Government to prove that Respondent promotes tax schemes before the IRS can receive any evidence from the very entity it is investigating. Because the Government has demonstrated that the summons meets the factors in *United States v. Powell*, 379 U.S. 48 (1964), Respondent has not met its heavy burden to prove otherwise, and no other bar exists, the summons should be enforced.

***A. No criminal referral within the meaning of 26 U.S.C. § 7602(d)(1) is in effect with respect to Wayne Bursey or Daniel Carpenter.***

**Respondent argues that the IRS may not issue a summons and the Government may not seek enforcement of it if a referral to the Department of Justice within the meaning of 26 U.S.C. § 7602(d)(2) is in effect. Respondent, however, then mistakenly assumes that Bursey (and his counterpart, Carpenter) must be the subject of a grand jury investigation and that such a referral must have been in place because the IRS's Criminal Investigation Division executed a search warrant at the offices of NOVA Benefit Plans on April 20, 2010. Revenue Agent Pamela Ciccotelli in her declaration stated that no Justice Department referral was in effect. (Doc. # 1-5, ¶ 11). As further reassurance, the Government also submits the declaration of Julio La Rosa, a Special Agent in Charge for the IRS Criminal Investigation Division, that again states that a Justice Department referral is not in effect concerning Wayne Bursey or Daniel Carpenter, either as of the date of the summons, the date of the Government's petition or now. Therefore, no bar exists against enforcement of the summons.[1]**

---

[1] **Respondent seeks a stay of these proceedings pending completion of any parallel criminal proceedings. Because a Justice Department referral is not in effect against either Bursey or Carpenter, a stay is unwarranted. Respondent also suggests that he might have to choose between invoking a Fifth Amendment privilege or complying with the civil investigation. Respondent cannot invoke the Fifth Amendment on behalf of a corporation for corporate records.** *Bellis v. United States*, **417 U.S. 85, 88 (1974) ("an individual cannot rely upon the [Fifth Amendment] privilege to avoid producing the records of a collective entity which are in his possession in a representative capacity, even if these records might incriminate him personally").**

> **B. Respondent has not met its "heavy burden" to overcome the Government's prima facie case that the summons should be enforced.**

### 1. The IRS is conducting a legitimate investigation of Respondent.

Respondent alleges that the Government has not proffered any evidence that the IRS is conducting a legitimate investigation of NOVA. The Government's burden is minimal in proving compliance with the *Powell* factors, which Respondent has a "heavy burden" to disprove otherwise. *United States v. White*, 853 F.2d 107, 111-12 (2d Cir. 1988). The Government may present an affidavit from an IRS official involved in the investigation to establish its *prima facie* showing. *Id.* Furthermore, contrary to Respondent's argument that Section 6700 could not apply to its activities because it claims there is an honest dispute to the interpretation of the law, "[i]n applying the 'legitimate purpose' test, [the Court is] not concerned with whether any subsequent enforcement action is likely to be meritorious, jurisdictionally or otherwise." *Mollison v. United States*, 481 F.3d 119, 123 (2d Cir. 2007).

The IRS is investigating whether to impose penalties under 26 U.S.C. § 6700, which penalizes promoters of plans or arrangements who make false or fraudulent statements about material tax benefits to their customers. In her declaration, Revenue Agent Ciccotelli states "NOVA's possibly fraudulent tax scheme here involves the marketing of several plans that purport to be 'welfare benefit plans' within the meaning of 26 U.S.C. § 419(e), certain of which are claimed to be exempt from deduction limitations under 26 U.S.C. § 419A(f)(6)." (Doc. # 1-5, ¶ 4). Revenue Agent Ciccotelli also states that the IRS's investigation "requires gathering information directly from the person or entity being investigated, as well as from

- 3 -

persons to whom false or fraudulent statements may have been made." (Doc. # 1-5, ¶ 5). In other words, the IRS is investigating NOVA Plans (a plan or arrangement) to determine whether its administrator made false or fraudulent statements about any material tax benefits (whether the plans actually qualified for favorable tax treatment under 26 U.S.C. § 419 and 419A and if not, what it told its customers concerning any tax benefits to be derived from participating). Revenue Agent Ciccotelli's declaration therefore makes the required *prima facie* showing that the investigation is legitimate.

Citing only an IRS continuing education text, Respondent contends that the IRS must have evidence of seven items before the IRS can start an investigation into whether Respondent should be subject to penalty under 26 U.S.C. § 6700. Respondent misstates the requirements of *Powell*, which held that the IRS "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Id.*, 379 U.S. at 57 (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-3 (1950)). Likewise, Respondent's self-serving categorical denials that it has not violated 26 U.S.C. § 6700 and that the NOVA Plans qualify for favorable tax treatment are insufficient. Respondent's argument puts the cart well before the horse and if adopted, contrary to the holding of *Powell,* would place the "heavy burden" squarely on the Government because the IRS would need to be near certain that the taxpayer violated the law, vitiating the need for an investigation in the first place.[2] *See White*, 853 F.2d at 109 ("[W]e find the district court's summons

---

[2] In an unpublished opinion involving NOVA's sister company Benistar, Judge Margolis put the matter succinctly, "To require the IRS to first prove an

(continued...)

enforcement requirement that the IRS must make a prima facie showing of 'fraud, overreaching, or excessiveness by the attorney or the Surrogate' to be inconsistent with *Powell*'s holding that only a showing of a legitimate purpose, and not a showing of probable cause, is required for summons enforcement"). When the IRS finishes its investigation and if it assesses penalties, Respondent can then contest them, offering proof that it did not operate an "abusive tax shelter" or make any false statements about material tax benefits like the defendant did in *Weir v. United States*, 716 F. Supp. 574, 576 (N.D. Ala. 1989). Under the standard of summons enforcement of *Powell*, the Government made its *prima facie* showing that the IRS is conducting a legitimate investigation under Section 6700.

### 2. The summons seeks relevant information.

Respondent also argues that even a cursory review of the summons shows that the documents sought are not germane to a Section 6700 investigation. The Government must show only that the documents sought "'[may throw] light upon'" on the correctness of the tax (or in this case, the correctness of any penalty to be assessed). *United States v. Noall*, 587 F.2d 123, 125 (2d Cir. 1978) (quoting *Foster v. United States*, 265 F.2d 183, 187 (2d Cir. 1959) and further holding that the standard for relevance is "very low"). As Revenue Agent Ciccotelli explained, the

---

[2](...continued)
entity is an "abusive tax shelter" before it is entitled to discover evidence which would prove or disprove that fact would be inherently illogical. As long as the IRS has issued this summons in good faith, the summons is enforceable." *Benistar Employer Trust Servs. Co. v. United States*, 2005 WL 3429423, *6 (D. Conn. 2005) (report and recommendation), *adopted in full,* 2005 WL 3429409 (D. Conn. 2005), *aff'd*, 184 Fed. Appx. 93 (2d Cir. 2006).

summons seeks information about the organization and operation of the plans, about the economics of the plans, about the number of participants, and about the communications to plan participants, amongst other materials. (Doc. # 1-5, ¶¶ 5-7). Thus, a cursory analysis of the summons then shows that the materials sought would be relevant to whether Respondent made false or fraudulent statements about material tax benefits. 26 U.S.C. § 6700. Moreover, Respondent's contention that not a single question goes to Respondent's gross income from its activities is wrong. Questions 47 and 48 of the summons request information about the commissions and fees received by NOVA and the commissions and fees NOVA paid to any person for services. (Doc. # 1-3, p. 8). The documents sought may be relevant to the IRS's investigation, which is all that *Powell* requires.

Because the IRS is attempting to determine the extent of the alleged promotion, Respondent's customers' identities are also relevant to its investigation. As Revenue Agent Ciccotelli explained, "Section 6700 investigations hinge on what a person or entity communicated (orally and in writing) to potential and current customers because 26 U.S.C. § 6700 penalizes those who make false or fraudulent statements about a tax benefit of participating in a transaction or arrangement." (Doc. # 1-5, ¶ 6). The Ninth Circuit has held that client names are relevant when interviewing the clients "may help the IRS determine the number of illegal schemes marketed by [the promoter], a purpose relevant to a § 6700 investigation." *Reiserer v. United States*, 479 F.3d 1160, 1166 (9th Cir. 2007). Here, the IRS has similar concerns as in *Reiserer* – to determine the extent of Respondent's alleged

promotion. As explained in Section D, the number of schemes and participants can also be relevant to the amount of the penalty that should be assessed. 26 U.S.C. § 6700(a). Without a full customer list and the other items sought in the summons, the IRS cannot determine what penalties to assess, if any, and in what amounts. The Government has met its low burden to prove relevance and Respondent has failed to show why the documents can never be relevant to the IRS's investigation.

### 3. The IRS does not possess the summoned information.

Respodent asks the Court to speculate that the IRS now possesses the summoned information since the IRS executed a search warrant at the offices of NOVA Benefit Plans on April 20, 2010. The execution of the search warrant does not affect this requirement. First, as a matter of law, the validity of a summons is tested as of the date of the summons's issuance, i.e. April 3, 2009. *PAA Mgmt., Ltd. v. United States*, 962 F.2d 212, 219 (2d Cir. 1992). The IRS undisputably did not have the documents as of that date because Respondent refused to comply with the summons. On that basis alone, the summons is valid.

Second, the courts have declined to adopt a literal approach of the "already possessed" requirement in favor of a more practical approach. *See Adamowicz v. United States*, 531 F.3d 151, 159 (2d Cir. 2008) (citing *United States v. Linsteadt*, 724 F.2d 480, 483-84 (5th Cir. 1984)). The Fifth Circuit held that the "already possessed" requirement is narrowly construed and instead goes to whether the summons is unnecessary or harassing. *Linsteadt*, 724 F.2d at 483-84 (quoting *United States v. Davis*, 636 F.2d 1028, 1037 (5th Cir. 1981) for holding that "the 'already possessed'

principle enunciated by Powell [is] a gloss on § 7605(b)'s prohibition of 'unnecessary' summonses, rather than an absolute prohibition against the enforcement of any summons to the extent that it requests the production of information already in the possession of the IRS"). Despite Respondent's protests, the summons is necessary to the IRS's Section 6700 investigation as already explained. While there may be some overlap, the documents sought in the search warrant and in the summons are not identical, even by Respondent's admission. (Doc. # 18-7). The documents seized are also not in Revenue Agent Ciccotelli's possession; instead, criminal investigators have them for their investigation. Last, the civil summons requested Bursey's testimony, which the IRS has not taken. Respondent has not met its burden to prove that the documents should be considered in the IRS's possession. The summons is valid.[3]

> *C. Because Respondent is the subject of the IRS's Section 6700 investigation, the United States need not employ John Doe summons procedures.*

Respondent argues that the United States must seek a so-called John Doe summons under 26 U.S.C. § 7609(f) to receive information about NOVA's customers. Respondent misunderstands who is the subject of the IRS's investigation. The Government must obtain an *ex parte* order before serving a summons, "which does not identify the person with respect to whose liability a summons is issued." 26 U.S.C. § 7609(f). The IRS, however, identified the potentially liable party here –

---

[3] Respondent alleges that the IRS did not follow the proper administrative steps in the Internal Revenue Code but makes no argument on this prong of *Powell*. The IRS complied with the administrative steps, including serving the summons on Respondent. (Doc. # 1-2, ¶ 5).

Respondent. If penalties are assessed, Respondent, not its customers, will be liable. Because the IRS issued the summons to obtain information for its Section 6700 investigation of Respondent, it is irrelevant that the summons might also provide information that might enable the IRS to identify and examine other taxpayers (NOVA participants) whose identities may or may not be known.

The Supreme Court expressly upheld the IRS's right to issue and enforce a so-called "dual purpose" summons – without first obtaining an *ex parte* order – that seeks potentially relevant information about a taxpayer under investigation, even if the summons also requires disclosure about unknown taxpayers. *Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 324 (1985). The IRS is entitled to obtain all of the summoned information from Respondent without having to comply with 26 U.S.C. § 7609(f). It issued the summons to assist in its investigation into whether Respondent is liable for penalties imposed for engaging in the conduct described in 26 U.S.C. § 6700, as well as to determine whether the IRS may decide to seek an injunction to prevent Respondent from further promotion of the NOVA Benefit Plans. Indeed, because it is conducting a legitimate investigation, it would be improper for the IRS to seek a John Doe summons to investigate Respondent.

*D. Respondent has not identified a safe harbor in 26 U.S.C. § 6703 to stop the IRS's Section 6700 investigation.*

Respondent states that it intends to invoke what it terms the "safe harbor" of 26 U.S.C. § 6703, pay the penalty it speculates could be assessed and thus, require the IRS to stop its investigation. The statute provides no such safe harbor. Section 6703 is a procedural statute, providing that the promoter may bring a refund claim

with the IRS and possibly a suit for refund in the district court <u>after</u> the IRS assesses penalties. ("If, within 30 days on which <u>notice and demand of any penalty under section 6700 is made against any person</u>, such person pays an amount which is not less than 15 percent of the amount of such penalty . . ."). *See also Weir*, 716 F. Supp. at 576. The IRS has not yet determined whether it should assess a penalty under 26 U.S.C. § 6700 so Respondent could not know the amount of any penalty to pay, if indeed any penalty will be assessed. The purpose of the IRS's investigation is to determine if a penalty against Respondent is appropriate under 26 U.S.C. § 6700 and if so, how much should be assessed.

Respondent also presumes to know the amount of the penalty that could be imposed under 26 U.S.C. § 6700. For conduct subject to penalty after October 2004, 26 U.S.C. § 6700(a) imposes penalties in the amount of $1,000 per transaction or 50% of the gross income "derived (or to be derived)" from the false or fraudulent promotion. *See Noske v. United States*, 1993 WL 78311, * 4, n. 6 (D. Minn. 1993), *aff'd on other grounds*, 998 F.2d 1018 (8th Cir. 1993) ("Congress amended section 6700 to make it clear that penalties under this section could be assessed on a 'per transaction' basis"); Kathleen Bicek Bezdichek, Annotation, *Construction and Application of § 6700 of the Internal Revenue Code (26 U.S.C.A. § 6700) Imposing Civil Penalties for Promoting Abusive Tax Shelters*, 2006 A.L.R. Fed. 2d 23 (2006). The relevant issue is not how many plans Respondent promoted, but rather, the number of transactions and the income derived from the promotion. Presuming that Respondent has more than seven customers, any penalties assessed would likely

exceed $7,000. The IRS requires further information from Respondent to determine what, if any, penalties should be imposed.

In conclusion, the Government has presented its *prima facie* showing for summons enforcement in the declarations of Revenue Agents Clark and Ciccotelli. Respondent has failed to meet its heavy burden to disprove one of the *Powell* elements or to otherwise show abuse of process. Accordingly, the summons should be enforced.

Dated: May 3, 2010.

                                                    Respectfully submitted,

                                                    NORA DANNEHY
Acting United States Attorney

s/ James C. Strong
JAMES C. STRONG (phv 02268)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9953
Facsimile: (202) 514-6770
Email: james.c.strong@usdoj.gov

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing was filed with the Clerk of the Court electronically today, May 3, 2010, such that a service copy was sent by way of the electronic filing system to all counsel who have arranged for electronic service of filings.

    s/ James C. Strong
JAMES C. STRONG (phv 02268)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-9953
Facsimile: (202) 514-6770
Email: james.c.strong@usdoj.gov